IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| BRETT POSSELLI,<br><br>Plaintiff,<br><br>vs.<br><br>T. JOROME et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DISMISSING CASE AND PLACING PLAINTIFF ON RESTRICTED FILERS LIST<br><br><br><br>Case No. 2:10-CV-00148 TS |

The present case is one of the 14 cases that pro se Plaintiff Brett Posselli filed between January 27, 2010 and February 17, 2010. The present Complaint and several others involve various allegations that the Plaintiff was secretly photographed or filmed without his consent, or by means of a slight of hand and that the resulting photographs and/or movies are being shown or discussed on pay-for-view cable television, satellite television, the internet, and/or in his neighborhood.

For many of the Defendants, there are no allegations to connect them to the claim. Plaintiff's main complaint is being filmed without his consent.

Plaintiff submitted his Complaints on the preprinted forms available for pro se civil

1

rights complaints under 42 U.S.C. § 1983 and 1985. Plaintiff does not, however, allege any violation of his constitutional rights. He does not allege specific acts by most of the named Defendants. The specific acts he does allege are clearly delusional.

In each case, Plaintiff has submitted a Motion for leave to Proceed in forma pauperis (IFP) under 28 U.S.C. § 1915. In February 2010, the cases and the IFP applications were stayed pending review under 28 U.S.C. § 1915(e)(2)(B).

The Court has now completed the review of all of the Complaints.

Pursuant to 28 U.S.C. § 1915(e)(2), when a plaintiff is proceeding in forma pauperis "the court *shall* dismiss the case at any time if the court determines that— the action . . . is frivolous" or "fails to state a claim on which relief may be granted."[1]

Different standards apply to review of an IFP complaint under the different subsections of §1915(e)(2)(b). Review for the failure to state a claim under §1915(e)(2)(B)(ii) uses the familiar 12(b)(6) *Twombly*[2] plausibility standard as applied to liberally construe pro se complaints as explained by the Tenth Circuit Court of Appeals in *Kay v. Bemis*:[3]

> "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the

---

[1] 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (emphasis added).

[2] *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)).

[3] 500 F.3d 1214 (10th Cir. 2007).

plaintiff."[4]

We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. . . . In the Rule 12(b)(6) context, "[w]e look for plausibility in th[e] complaint." In particular, we "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Rather than adjudging whether a claim is "improbable," "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level."[5]

However, under subsection (i) of § 1915(e)(2)(B), a pro se complaint may be dismissed as frivolous within the meaning of § 1915 when it "lacks an arguable basis either in law or in fact."[6]  "[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[7]

As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.[8]

*Neitzke* and *Denton* construed the term "frivolous" as found in an earlier version of § 1915.  In that earlier version, the IFP statute, at § 1915(d) allowed the district court to dismiss the case "if the allegation of poverty is untrue, or if satisfied that the action is

---

[4]*Id*. at 1217-18 (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) and *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002)).

[5]*Id*. (quoting *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 and n.2 (10th Cir. 2007) and *Twombly*, 127 S.Ct. at 1965).

[6]*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[7]*Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

[8]*Id*. (quoting *Neitzke,* 490 U.S. at 325, 328).

3

frivolous or malicious."[9] In 1996, the statute was recodified and the provisions formerly found at § 1915(d) were strengthened and redesignated as § 1915(e), partly in response to an "explosion" of litigation filed by prisoners under the IFP statute.[10] While case law construing "frivolous" under § 1915(d) remains applicable to cases under its recodification as § 1915(e)(2),[11] courts recognize that under the newer version, dismissal of pro se complaints found to fail to state a claim or to be frivolous is now mandatory.[12]

Applying the above standards, the Court finds that each Complaint fails to state a claim upon which relief can be granted. Plaintiff fails to allege the elements of a civil rights complaint in even a conclusory manner.[13] Even assuming all of Plaintiff's delusional factual allegations to be true, he does not allege any facts showing (1) any deprivation of a federal right or (2) that any Defendant acted under color of state law. The complaints simply lack any facial plausibility or relation to any federal claim and must be dismissed.

More importantly, the Court finds that the Complaints are frivolous. The allegations

---

[9]Former § 1915(d) as quoted in *Denton*, 504 U.S. at 33.

[10]*See Cruz v. Gomez*, 202 F.3d 593 (2nd Cir. 2000) and *Walp v. Scott*, 115 F.3d 308 (5th Cir. 1977).

[11]*E.g. Phillips v. AT & T* , 2010 WL 537878, at *1 (10th Cir. Feb. 17, 2010) (unpublished slip op. citing *Neitzke* and dismissing appeal under §1915(e)(2)(B) as frivolous because "the factual allegations contained in the complaint stray into the fanciful and delusional").

[12]*Walp*, 115 F.3d at 309.

[13]*See e.g. Jenkins v. Currier*, 514 F.3d 1030, 1033 (10th Cir. 2008) (holding that "Plaintiffs alleging a violation of § 1983 must demonstrate they have been deprived of a right secured by the Constitution and the laws of the United States, and that the defendants deprived them of this right acting under color of law.")

are so fantastic and delusional that they "rise to the level of the irrational or the wholly incredible."[14]  Because the Complaints are frivolous they must be dismissed.

A *pro se* plaintiff "whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint."[15]  While "*pro se* litigants are to be given reasonable opportunity to remedy the defects in their pleadings,"[16] the Court should dismiss the claim where it is obvious that he cannot prevail on the facts he has alleged, and "it would be futile to give him an opportunity to amend."[17]  In this case, for the reasons stated, not one of the fourteen Complaints comes anywhere close to stating a claim.  Because they are all so far from stating a claim and are uniformly so delusional, the Court finds that it would be futile to allow Plaintiff to attempt to amend any of the Complaints.

For the same reasons, the Court finds that further filings under the IFP statute would be an abuse of the IFP provisions.  The Court will direct that the clerk of court place Plaintiff on the list of restricted filers.   It is therefore

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the Complaint is DISMISSED for the failure to state a claim and as frivolous.   It is further

ORDERED that the clerk of court place Plaintiff Brett Posselli on the list of restricted filers, barring him from filing any lawsuits in the District of Utah without first being granted

---

[14] *Denton*, 504 U.S. at 33.

[15] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[16] *Id.* at 1110 n. 3.

[17] *Perkins v. Kan. Dept. of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

5

leave of court.

The clerk of court is directed to close this case.

DATED   June 14, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge